# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CORI ANN WOOD | : | CASE NO.: 5:20-bk-01882-RNO |
| | : | |
| Debtor. | : | CHAPTER 13 |
| CORI ANN WOOD | : | |
| | : | |
| Objectant, | : | |
| | : | |
| v. | : | |
| | : | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | : | Objection to Proof of Claim |
| | : | 11 U.S.C. § 502(b)(1) |
| Claimant. | : | |

## DEBTORS' OBJECTION TO PROOF OF CLAIM OF PORTFOLIO RECOVERY ASSOCIATES, LLC

AND NOW, comes Cori Ann Wood (heretofore referred to as the "Debtor"), by and through her attorney, Patrick J. Best, Esquire, of ARM Lawyers, who hereby objects to Claim 7 filed by Portfolio Recovery Associates, LLC. (heretofore referred to as the "Creditor") as follows:

1. The instant Bankruptcy was filed on June 19, 2020.

2. On August 11, 2020, Creditor filed its Proof of Claim, indexed at Claim No. 7, attached herewith as "Exhibit A."

3. In their Proof of Claim, Creditor states an alleged unsecured debt, $3,228.45.

4. Creditor further represents that its alleged debt was acquired from Capital One Bank (USA), N.A. ("Capital One").

5. Aside from a general Bill of Sale (which does not specify any alleged debt from Debtor), there is no indication that Creditor actually acquired any alleged debt from Capital One.

6. Debtor has requested additional information pursuant to Fed. R. Bankr. P. 3001(c)(3)(b) but has not yet received any response.

7. Debtor believes, and therefore avers, that Creditor did not actually acquire the right to collect any debt from Debtor which would be owed to Capital One.

8. "[I]t is not sufficient that the debtor owes someone money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim." In re King, Bk. No. 08–13152–SSM, 2009 WL 960766 (Bankr.E.D.Va. 2009).

9. Further, Debtor avers that even if Creditor were properly assigned an alleged debt from Capital One, such a debt should be disallowed pursuant to 11 U.S.C. 502(b)(1) in that this claim is unenforceable against the debtor pursuant to Pennsylvania law.

10. More specifically, Debtor disputes that a contract exists and Creditor has produced no evidence that such a contract exists.

11. Thus, if Debtor were not in bankruptcy, neither Creditor nor Capital One would be able to sustain an action against Debtor in state court.

12. As this Court has held, "the failure to produce the original documentation with the Debtor's signature is fatal to the creditor's argument to refute the Objection by the Debtor that she does not owe any debt to this Claimant." In re Snedeker, Bk. No. 5:17-bk-01399-JJT, Doc. 276, p. 8 (Bankr.M.D.Pa. July 25, 2018).

13. Debtor is not liable for this alleged debt under state law.

**WHEREFORE**, Debtor respectfully requests that this Honorable Court enter an Order disallowing Claim 7 for the reasons set forth above.

Date: September 14, 2020

/s/ Patrick J. Best
Patrick J. Best, Esq.
ARM Lawyers
18 N. 8th St.
Stroudsburg PA 18360
570-424-6899